```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|                              |   |                                    |
|------------------------------|---|------------------------------------|
| VISUAL NETWORKS OPERATIONS, INC. | : |                                |
| v.                           | : | Civil Action No. DKC 2004-0604     |
| PARADYNE CORPORATION         | : |                                    |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this patent infringement case are four motions to compel (paper nos. 60, 67, 69, and 70).  For each, a certification has been duly filed pursuant to Local Rule 104.7 (paper nos. 81, 79, 86, and 85, respectively).  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.

The court is guided in these motions by Fed.R.Civ.P. 26(b)(1), which states, in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Sales and Related Data*

The motions in paper nos. 60 and 67 concern requests by each party for detailed sales and marketing data regarding the

other's allegedly infringing products, including data about sales and marketing of products and services to individual customers.

Paradyne argues in response to two of VNO's motions that because VNO has failed adequately to "mark" its products pursuant to 35 U.S.C. § 287, it cannot recover damages for, and is therefore not entitled to documents regarding, any alleged infringement prior to the date the suit was filed.  The court disagrees.  Compliance with § 287(a) is a question of fact. *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed.Cir. 2001) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed.Cir. 1996)).  Even to the extent to which the facts surrounding VNO's patent marking are undisputed in this case, the law is unclear on the question whether those marks are sufficient under § 287. *See* Lindholm, Stephen, *Marking The Software Patent Beast* (January 1, 2005), available at http://www.stanford.edu/~lindholm/  SSRN-id642123.pdf  (last accessed June 6, 2005) ("There does not appear to be any Federal Circuit precedent on how software must be marked.").[1]  So far,

---

[1] *See also* Soong, James W., *Patent Damage Strategies and the Enterprise License: Constructive Notice, Actual Notice, No Notice,* 2005 Duke L. & Tech. Rev. 0002, available at http://www.law.duke.edu/journals/dltr/articles/2005dltr0002.html (last accessed June 6, 2005), at ¶ 8 (noting that software marks often appear in the user interface of the product instead of on the

at least, VNO's requests regarding alleged pre-lawsuit infringement are "reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).

The court also rejects VNO's argument that Paradyne's motion to compel discovery is untimely.  As the court noted in its January 13 opinion, "untimeliness cannot and should not always and automatically result in dismissal of a motion to compel. Rather, prejudice to the opposing party as well as reasons for the delay should be examined."  Paper no. 58, at 3 (citing *Tucker v. Ohtsu Tire & Rubber Co., Ltd.*, 191 F.R.D. 495, 497 (D.Md. 2000)).  Here, the parties explicitly agreed to extend the time available for Paradyne to file its motion.  VNO cannot now argue that it is prejudiced by a filing made pursuant to a mutually agreed-upon time extension.

While, as a general matter, requests for sales data are legitimate for purposes of determining damages, neither party has shown any likelihood that per-customer data, rather than aggregate data, will be needed regarding gross or net profits, number and type of units sold, market share, sales projections, or installation and maintenance services. Infringement damages, if any, are based on either lost profits or a reasonable royalty.  "An award of lost profits may not be speculative.

---

storage medium in which the software is sold).

3

Rather the patent owner must show a reasonable probability that, absent the infringement, it would have made the infringer's sales." *BIC Leisure Prods. v. Windsurfing Int'l,* 1 F.3d 1214, 1218 (Fed.Cir. 1993). Otherwise the patentee may recover only a reasonable royalty. *Amstar Corp. v. Envirotech Corp.,* 823 F.2d 1538, 1543 (Fed.Cir. 1987). Here, VNO asserts, and Paradyne does not dispute, that there are competitors other than VNO and Paradyne in the instant markets. In markets with more competitors than only the plaintiff and defendant in a patent infringement action, profits lost to the opposing party, as opposed to other non-party competitors in the market, are difficult, if not impossible, to determine with reasonable probability. In such situations, either a reasonable royalty must be awarded, *see Amstar,* 823 F.2d at 1543, or, if circumstances warrant, lost profits may be calculated according to the patent owner's market share. *See State Industries, Inc. v. Mor-Flo Industries, Inc.,* 883 F.2d 1573, 1577-80 (Fed.Cir. 1989). *See, e.g., King Instrument Corp. v. Perego,* 737 F.Supp. 1227, 1241 (D.Md. 1990). Data concerning each individual customer is therefore unlikely to be useful in calculating damages. Paradyne asserts that this information is necessary to understand Visual's "historical market share," but detailed per-customer sales data will not aid in calculating either market

4

share (for determining lost profits) or a reasonable royalty rate. It is equally unlikely that either party will require the other's extended per-customer histories of installation, testing, and support services, or records of sales and marketing correspondence and presentations.

Request nos. 46 and 48 of Paradyne's Third Request for Production of Documents both request only per-customer data. Accordingly, Paradyne's second motion to compel discovery, regarding those requests, will be denied.

Request nos. 26-31 of VNO's Third Request for Production of Documents and Things request both aggregate and per-customer data. The court also notes that the scope of dispute between the parties regarding these requests was narrowed in conference. VNO's motion to compel complete responses to those requests is therefore granted in part and denied in part. As to request no. 31, the motion is denied. As to request nos. 26-30, the motion is granted, subject to the following changes. Paradyne will produce:

- (Request no. 26) Documents sufficient to show Paradyne's revenues derived on a per year basis from the license, sale, maintenance, implementation or use of Paradyne FrameSaver and/or iMarc products since February 2, 1999.

5

- (Request no. 27) Documents sufficient to show revenue derived on a per year basis for services provided installing, maintaining, upgrading and supporting Paradyne FrameSaver and/or iMarc products since February 2, 1999.
- (Request no. 28) Documents sufficient to show sales, pricing and profit margin information for Paradyne FrameSaver and/or iMarc products beginning February 2, 1999, including:

    (a) total gross unit sales;

    (b) total net unit sales;

    (c) total gross dollar sales;

    (d) net dollar sales;

    (e) total cost of goods sold;

    (f) revenue and unit summaries by product;

    (g) revenue and unit summaries by month, quarter and/or year;

    (h) product line gross/standard margin reports;

    (i) electronic sales and databases;

    (j) corporate profit and loss statements;

    (k) divisional profit and loss statements;

    (l) product line profit and loss statements; and

    (m) product line contribution reports.

- (Request no. 29) Documents concerning any estimates or projections Paradyne has made since February 1998 with respect to the sales, pricing and profit margin information for Paradyne FrameSaver and/or iMarc products, including each product's:

    (a) total net unit sales;

    (b) net dollar sales;

    (c) total cost of goods sold;

    (d) revenue and unit summaries by product;

    (e) total net profit margin;

    (f) product line gross/standard margin reports;

    (g) divisional profit and loss statements; and

    (h) product line profit and loss statements.

- (Request no. 30) All documents concerning actual or projected market share information for the Paradyne Frame Saver and iMarc products.

*Source Code*

Paradyne's objections to VNO's request for prior versions of the source code of allegedly infringing products are unavailing. Contrary to Paradyne's assertions, VNO has adequately identified as allegedly infringing all the various products and versions for which it requests source code. The marking objection is rejected as explained *supra*. Paradyne's

conclusory assertion that compliance would be unduly burdensome does not rise to the level of meritorious objection. As Paradyne will not stipulate that the source code already produced is representative of earlier versions for purposes of this action, the motion to compel production of the source code for those earlier versions, paper no. 69, will be granted.

### *PAR 37616-37621*

The court has reviewed the disputed email *in camera*, and is satisfied that, despite its privilege log description, it relates only to trial strategy and planning. The court will therefore deny VNO's motion to compel its production.

A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

June 15, 2005
